IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, #A0201434, | ) ) ) | CIV. NO. 13-00136 SOM/RLP |
| Plaintiff, | ) ) | ORDER DISMISSING FIRST AMENDED COMPLAINT |
| vs. | ) ) | |
| THOMAS ATKIN, DAWN WEST, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT

Before the court is *pro se* Plaintiff Michael C. Tierney's amended prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983. *See* First Amended Compl. ("FAC"), ECF No. 7. Tierney alleges that a Halawa Correctional Facility ("HCF") dentist, Thomas Atkin, D.D.S., and dental assistant, Dawn West, violated his constitutional rights when they allegedly denied him dental care on March 16, 2013. *Id.*, Count II.

Having screened the FAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), the court finds that it fails to state a claim as written. The FAC is DISMISSED with leave to amend as set forth below.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff claims that, on March 8, 2013, Dr. Atkin extracted two teeth, but left tooth fragments in his gums, resulting in the continuation of Plaintiff's pain. Plaintiff alleges that he returned to Dr. Atkin on March 16, 2013, and that

Dr. Atkin "removed some of the fragments, but plaintiff is still
in extreme pain, because he still has a tooth ache on tooth
number 31, and plaintiff needs a root canal, a post and a crown."
FAC (Count I), ECF No. 7 PageID #24.  Plaintiff claims that he
"requested dental treatment [on March 16, 2013] but [Atkin and
West] refused to treat plaintiff['s] tooth ache," allegedly
telling him that they "don't fix teeth," and that he would have
to ask the "other dentist."  *Id.*  Plaintiff commenced this action
the next day, March 17, 2013.  *See* Compl., ECF No. 1 (signed
March 17, 2013, received and filed March 19, 2013).

## II. STATUTORY SCREENING

The court must screen all civil actions brought by
prisoners relating to prison conditions and/or seeking redress
from a governmental entity, officer, or employee of a
governmental entity.  28 U.S.C. § 1915A(a).  The court must
dismiss a complaint or portion thereof if its claims are legally
frivolous, malicious, fail to state a claim on which relief may
be granted, or seek monetary relief from a defendant who is
immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C.
§ 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a
claim if it (1) lacks a cognizable legal theory; or (2) contains
insufficient facts under a cognizable legal theory.  *Balistreri
v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To

state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. Rule Civ. Proc. 8(a)(2)).

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Hebbe*, 627 F.3d at 342 (quoting *Erickson*, 551 U.S. at 94).  Leave to amend should be granted unless it appears that amendment is futile.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  The court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

## III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'"  *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S.

4

Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988);
42 U.S.C. § 1983.

## A.   Plaintiff's Right to Dental Care

Deliberate indifference to a prisoner's serious medical
needs presents a cognizable claim for a violation of the Eighth
Amendment's prohibition against cruel and unusual punishment.
*Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Estelle v. Gamble*,
429 U.S. 97, 104 (1976).  "A medical need is serious if the
failure to treat the prisoner's condition could result in further
significant injury or the unnecessary and wanton infliction of
pain."  *Dickey v. Vargo*, 2004 WL 825624, at *2 (D. Or. Feb. 27,
2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.
1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104
F.3d 1133, 1136 (9th Cir. 1997) (further citations omitted)).

"'Dental care is one of the most important medical
needs of inmates.'"  *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th
Cir. 1989) (requiring that prisoners be provided with ready
access to dental care) (quoting *Ramos v. Lamm*, 639 F.2d 559, 576
(10th Cir. 1980)).

## B.   Analysis

Plaintiff does not claim that Defendants denied him
dental care.  Rather, he relates that Dr. Atkin extracted two
teeth, and that, when Plaintiff continued experiencing pain, Dr.
Atkin treated him for that pain within a week.  The FAC is silent

as to whether Defendants gave (or denied) Plaintiff pain medication after the extractions, during the intervening week between appointments, or thereafter.  The facts do not therefore show that Defendants ignored Plaintiff's need for dental care with deliberate indifference to his health or the wanton infliction of pain.

In addition, Defendants' response to Plaintiff's request for a root canal on tooth No. 31 and a bridge or implants to replace his extracted teeth (a request Plaintiff allegedly made while being treated for pain caused by the extraction), does not suggest that Defendants were deliberately indifferent to his pain or need for dental care.  Their statement that they don't "fix teeth, you have to ask the other dentist" implied only that they were treating Plaintiff's pain resulting from the extractions and were not able to perform extensive restorative dental work at that time.  Their statement reasonably informed Plaintiff that he had to seek restorative treatment for the extracted teeth and a root canal procedure for tooth No. 31 through the prison's normal, nonemergency dental care channels. Because Plaintiff filed suit the next day, however, the FAC does not reflect the prison's response to any properly made request for dental treatment or restorative care.  Had he submitted such a request, Plaintiff might have been scheduled for treatment, or, if such a request was denied, the FAC might show that someone,

not necessarily Defendants, acted with deliberate indifference to his serious dental needs.

The FAC provides nothing substantiating Plaintiff's claim that Defendants were deliberately indifferent to his pain or serious need for dental care.  Indeed, Plaintiff has made similar claims numerous times and has long sought restorative dental care from an outside provider.[1]  Plaintiff fails to adequately inform the parties and court of the basis for his claim, or raise an inference greater than the merest possibility that he is entitled to relief.  *See Fontana v. Haskin*, 262 F.3d 871, 876-77 (9th Cir. 2001) ("Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief.").  Plaintiff's claim that Defendants Dr. Atkin and West denied him dental care with deliberate indifference to his serious medical needs fails to state a claim and is DISMISSED.

## C.    Eleventh Amendment Immunity

State officials sued in their official capacities are not persons subject to civil rights suits under § 1983.  *Will v.*

---

[1] *See Tierney v. Hamada*, 1:12-cv-00117 SOM; *Tierney v. Unnamed Dentist*, 1:11-cv-00369 JMS; *Tierney v. Okamoto*, 1:11-cv-00800 DAE.  In *Hamada*, this court conducted an evidentiary hearing regarding Plaintiff's claims concerning tooth No. 31, and the two teeth that have now been extracted.  *See* 1:12-cv-00117, Order, ECF No. 76 (revoking *in forma pauperis*).  In that action, Plaintiff affirmatively refused extractions and restorative treatment for tooth No. 31.  *See id.*

*Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Seminole Tribe of Florida v. Florida*, 517 U .S. 44, 53 (1996); *Hafer v. Melo*, 502 U.S. 21 (1991) (holding that state officers acting in their official capacities are immune from suit under the Eleventh Amendment to the same extent as the government agency that employs them).  The Eleventh Amendment bars Plaintiff's damage claims against Defendants in their official capacities, and those claims are DISMISSED.

### IV.  LEAVE TO AMEND

Plaintiff's First Amended Complaint is DISMISSED. Plaintiff may file a proposed second amended complaint on or before **May 30, 2013,** curing the specific deficiencies noted above.  The second amended complaint must contain short, plain statements providing sufficient facts to support his claim that Defendants denied him dental care with deliberate indifference to his health or serious medical needs.

The second amended complaint must clearly designate that it is the "Second Amended Complaint."  It must be retyped or rewritten in its entirety on court-approved forms and may not incorporate any part of the original Complaint by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).  Any cause of action that was raised in the original complaint is waived if it is not raised in an amended complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

8

## V.  28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  <u>CONCLUSION</u>

1.  The First Amended Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) .

2.  Plaintiff is granted leave to file a second amended complaint on or before **May 30, 2013**, in compliance with this Order.  If Plaintiff fails to do so, this action shall be AUTOMATICALLY DISMISSED, without further notice and the Clerk of Court SHALL enter judgment stating that the dismissal was pursuant to 28 U.S.C. § 1915.

3.   The Clerk of Court is DIRECTED to forward a copy of the court's prisoner civil rights complaint form to Plaintiff so that he may comply with this Order.

4.   All pending motions are DENIED.  Plaintiff is NOTIFIED that he may not file, and the court will take no action on, any motions he files until he has submitted a sufficient amended complaint that cures the deficiencies noted herein.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 30, 2013.



 /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tierney v. Atkin, et al.,* 1:13-cv-00136 SOM/KSC;G:\docs\prose attys\Scrng\DMP\2013\Tierney 13-136 som (FAC dsm FTSC).wpd