IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, #A0201434, | ) ) ) | CIV. NO. 13-00136 SOM/RLP |
| Plaintiff, | ) ) | ORDER DISMISSING SECOND AMENDED COMPLAINT UNDER 28 U.S.C. |
| vs. | ) ) ) | §§ 1915(e)(2) and 1915(A)(b)(1) AND DENYING PENDING MOTIONS |
| THOMAS ATKIN, et al., | ) ) | |
| Defendants. | ) ) | |

**ORDER DISMISSING SECOND AMENDED COMPLAINT UNDER 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1) AND DENYING PENDING MOTIONS**

Before the court is *pro se* Plaintiff Michael C. Tierney's second amended prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983. *See* Second Amended Compl. ("SAC"), ECF No. 12. Tierney alleges that Halawa Correctional Facility ("HCF") dentist Thomas Atkin, D.D.S., "Unknown Dentist," and dental assistants Dawn West and "Sandy," violated his constitutional rights when they allegedly denied him dental care.

Having screened the SAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), the court finds that Plaintiff again fails to state a claim. The SAC is DISMISSED with leave to amend.

//

## I. PLAINTIFF'S ALLEGATIONS

In his previous complaints, Plaintiff claimed that Dr. Atkin extracted two teeth on March 8, 2013, but allegedly left tooth fragments in his gums, resulting in continuing pain. *See* Compl., ECF No. 1, First Amended Compl. ("FAC"), ECF No. 7. Plaintiff said that Dr. Atkin removed the fragments on March 16, 2013, but he remained in pain because another tooth required a root canal, a post, and a crown. Plaintiff claimed that he asked Dr. Atkin and West to perform this dental work treatment on March 16, 2013, but they told him they "don't fix teeth," apparently meaning they were not equipped to restore the other tooth, and told him to ask the "other dentist." *Id.* PageID #24. Plaintiff immediately filed this suit. *See* Compl., ECF No. 1 (signed March 17, 2013, received and filed March 19, 2013).

In his SAC, Plaintiff adds two new defendants, "Sandy," and "Unknown Dentist," but omits any facts supporting his claims, including the dates and details that he included in his first two complaints. Plaintiff now simply alleges that Dr. Atkin, West, Sandy, and Unknown Dentist have "repeatedly denied Plaintiff dental care and I am in extreme pain." SAC, ECF No. 12 PageID #65-68. Plaintiff claims that he "needs his teeth cleaned and implants for the teeth that Atkin pulled." *Id.* PageID #65. Moreover, despite his earlier statements that Atkin and West saw him several times in March, Plaintiff now alleges that "[U]nknown

2

dentist has delayed dental treatment for 3 years." *Id.* PageId #67.  Plaintiff also states that "the dental assistance [sic] that cleans teeth, shattered teeth and knock out fillings during a cleaning in March of 2010 and I am in extreme pain." *Id.* PageID #68.  Plaintiff has pursued his claim for dental implants, root canals, and other restorative care repeatedly in other cases, and has also stated in previous actions that the reason Dr. Atkin was required to extract his two teeth was because a prison dental assistant damaged his fillings in 2010.[1]

## II. STATUTORY SCREENING

The court must screen all civil actions brought by prisoners relating to prison conditions and/or seeking redress

---

[1] *See e.g., Tierney v. Atkins*, Civ. No. 12-00308 SOM (alleging Dr. Atkins denied him adequate dental care on May 27, 2012, later conceding he was not denied care, but rather, disagreed with the care offered; dismissed after evidentiary hearing, pursuant to 28 U.S.C. § 1915(g))(D. Haw. Jul. 2, 2012), *aff'd,* 9th Cir. No. 12-80089 (9th Cir. Aug. 8, 2012); *Tierney v. Hamada*, Civ. No. 12-00117 SOM (alleging Dr. Hamada failed to provide him adequate dental care at the Oahu Community Correctional Center ("OCCC"), dismissed pursuant to 28 U.S.C. § 1915(g)) (D. Haw. Sep. 27, 2012), *aff'd*, 9th Cir. No. 12-80089 (9th Cir. Nov. 7, 2012); *Tierney v. Okamoto*, Civ. No. 11-00800 DAE (alleging Dr. Okamoto damaged his teeth after an unknown dentist at the Halawa Correctional Facility ("HCF") "shattered" them during a 2010 teeth cleaning; second amended complaint dismissed with prejudice for failure to state a claim) (D. Haw. May 30, 2012), *appeal dismissed for failure to perfect*, 9th Cir. No. 12-16330 (9th Cir. Oct. 3, 2012); *Tierney v. Unknown Dentist*, Civ. No. 11-00369 JMS (alleging HCF dental care providers denied having dislodged a filling during a teeth cleaning in 2010 and refused to replace the filling; dismissed for failure to state a claim and pursuant to 28 U.S.C. § 1915(g)) (D. Haw. Jun. 27, 2011) (now on appeal).

from a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if its claims are legally frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"  *Id.* (quoting Fed. Rule Civ. Proc. 8(a)(2)).

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Hebbe*, 627 F.3d at 342 (quoting *Erickson*, 551 U.S. at 94).  Leave to amend should be granted unless it appears that amendment is futile.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  The court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to

decide whether the court was required to inform a litigant of deficiencies).

### III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.   Plaintiff's Right to Dental Care**

Deliberate indifference to a prisoner's serious medical needs presents a cognizable claim for a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "A medical need is serious if the failure to treat the prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Dickey v. Vargo*, 2004 WL 825624, at *2 (D. Or. Feb. 27, 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (further citations omitted)).

6

"'Dental care is one of the most important medical needs of inmates.'" *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (requiring that prisoners be provided with ready access to dental care) (quoting *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980)). However, a "delay in providing a prisoner with dental treatment, standing alone, does not constitute an [E]ighth [A]mendment violation." Hunt, 865 F.2d at 201. Rather, a prisoner must show "the delay was deliberate and that it caused [him] to suffer unnecessary and wanton infliction of pain." *Id.*

**B.    Analysis**

The SAC does not provide enough facts to move Plaintiff's conclusory allegations from "possible" to "plausible." *See Twombly*, 550 U.S. at 570. That is, there is insufficient factual content in the SAC to allow this court to reasonably infer that Dr. Atkin, West, Sandy, and the Unknown Dentist are liable for deliberate indifference to Plaintiff's need for dental care. *Iqbal*, 556 U.S. at 678. The court's judicial experience, which includes reference to Plaintiff's statements in his previous complaints in this action and to Plaintiff's nearly identical claims in previous actions, permits no inference that the SAC "shows" that Plaintiff is entitled to relief. *Id.; see also* Fed. Rule Civ. P. 8(a)(2)).

The SAC provides nothing substantiating Plaintiff's claim that Defendants were deliberately indifferent to his pain

7

or serious need for dental care.  Plaintiff's threadbare accusations and conclusory statements again fail to inform Defendants or the court of the factual bases for his claims, or to raise an inference greater than the merest possibility that he is entitled to relief.  *See Fontana v. Haskin*, 262 F.3d 871, 876-77 (9th Cir. 2001).

### 1. *Statute of Limitation*

Plaintiff is notified that his claims against the Unknown Dentist and dental assistant "Sandy," which apparently stem from a tooth cleaning in 2010, are likely barred by the two-year statute of limitation applicable to § 1983 cases in Hawaii.  *See Pele Defense Fund v. Paty*, 73 Haw 578, 597-98, 837 P.2d 1247, 1260 (1992).  While the statute of limitation is an affirmative defense, in the absence of a defendant's waiver, a court may raise the defense of statute of limitations *sua sponte*.  *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993); *see also Hughes v.* Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (appropriate to dismiss prisoner's complaint *sua sponte* as time-barred under § 1915(e)(2)(B)); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995) (*en banc*) (same); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (same); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (same); *Johnson v. Rodriguez*, 943 F.2d 104, 107-08 (1st Cir. 1991) (same).

If Plaintiff amends his claims, in addition to sufficient facts showing that the Unknown Dentist and Sandy violated his rights, he should consider whether the statute of limitation has run on these claims or whether equitable tolling applies. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276–77 (9th Cir. 1993) (holding that dismissal on statute of limitations grounds is disfavored when equitable tolling may apply).

**C.    Eleventh Amendment Immunity**

Plaintiff reasserts claims against Defendants in their official capacities. State officials sued in their official capacities are not subject to suits under § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53 (1996); *Hafer v. Melo*, 502 U.S. 21 (1991) (holding that state officers acting in their official capacities are immune from suit under the Eleventh Amendment to the same extent as the government agency that employs them). Plaintiff's damage claims against Defendants in their official capacities are DISMISSED with prejudice.

### IV.   LEAVE TO AMEND

Plaintiff's Second Amended Complaint is DISMISSED. Plaintiff may file a proposed third amended complaint on or before **May 30, 2013,** curing the specific deficiencies noted above. The third amended complaint must provide sufficient facts

to support his claim that Defendants denied him dental care with deliberate indifference to his health or serious medical needs.

The third amended complaint must clearly designate that it is the "Third Amended Complaint." It must be retyped or rewritten in its entirety on court-approved forms and may not incorporate any part of the original Complaint by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992). Any claims that are dismissed herein with prejudice and without leave to amend need not be repled in the amended complaint to preserve them for appeal. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012) (overruling previous Ninth Circuit law that "all claims alleged in a dismissed complaint which are not realleged in an amended complaint" are waived) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)). However, "any claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived." *Id.* at 928.

### V.  28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

>           if the prisoner has, on 3 or more prior
>           occasions, while incarcerated or detained in
>           any facility, brought an action or appeal in
>           a court of the United States that was
>           dismissed on the grounds that it is
>           frivolous, malicious, or fails to state a
>           claim upon which relief may be granted,
>           unless the prisoner is under imminent danger
>           of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  **CONCLUSION**

1. The Second Amended Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

2. Plaintiff is granted leave to file a third amended complaint on or before **May 30, 2013**, in compliance with this Order.  If Plaintiff fails to do so, this action shall be DISMISSED without further notice and the Clerk of Court SHALL enter judgment stating that the dismissal was pursuant to 28 U.S.C. § 1915.

3. The Clerk of Court is DIRECTED to forward a copy of the court's prisoner civil rights complaint form to Plaintiff so that he may comply with this Order.

4. All pending motions are DENIED.  Plaintiff is NOTIFIED that he may not file, and the court will take no action on, any motions he files until he has submitted a

//

//

sufficient amended complaint that cures the deficiencies noted herein.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, May 13, 2013.



      /s/ Susan Oki Mollway
      Susan Oki Mollway
      Chief United States District Judge

*Tierney v. Atkin, et al.,* 1:13-cv-00136 SOM/KSC;G:\docs\prose attys\Scrng\DMP\2013\Tierney 13-136 som (dsm SAC FTSC).wpd